IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01673-CMA-CBS

**JONATHAN FLINT**,
individually and as surviving spouse of
**AMY FLINT**, deceased,

    Plaintiff,

v.

**INTERNATIONAL TRUCK AND ENGINE CORPORATION**,

    Defendant.
_____

**PROTECTIVE ORDER**
_____

    This Order came before the Court on the Stipulation of counsel for both parties and is entered pursuant to Rule 26(c), Fed. R. Civ. P., for the purpose of affording protection to documents produced by the Defendant during discovery which may constitute trade secrets and other confidential research, development, or commercial information.

    The Court, being duly advised, now ORDERS:

    1.    Defendant may designate certain items of discovery or other information, including documents as being "confidential" or "confidential – trade secret" and subject to the Protective Order, which shall make such items and all copies, prints, or reproductions of such information subject to this Order. Such documents may include, but are not limited to, materials and electronic data related to the design, development, and testing of the model cab and chassis involved in the subject litigation. All such documents or other tangible items produced by Defendant shall be clearly stamped or labeled "confidential" or "confidential-trade secret" to indicate that such material is subject to the Protective Order, and testimony or other types of

information based upon such documents or tangible items shall be similarly designated in clear terms.

2. For purposes of this Order, "documents" shall mean written documents or electronically stored information - including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. For purposes of this Order, "trade secrets" shall mean the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, improvement, confidential business or financial information, listing of names, addresses, or telephone numbers, or other information relating to any business or profession which is secret and of value. To be a "trade secret" the owner thereof must have taken measures to prevent the secret from becoming available to persons other than those selected by the owner to have access thereto for limited purposes.

3. Defendant shall designate as "confidential" or "confidential-trade secret" under the Protective Order only such documents, electronic data, and materials which they have determined in good faith to constitute or contain a trade secret, competitively sensitive information or other confidential research, development, technical or commercial information. The designations of "confidential" and "confidential – trade secret" shall only apply to that part of a document which the Defendant in good faith believes is confidential and/or constitutes a trade secret.

4. Information, electronic data, and documents subject to this Order may be disclosed only to (a) a party, (b) attorneys for a party and their paralegal and clerical staffs, (c)

court reporters and witnesses authorized to receive such information; and (d) experts retained by a party for assistance in trial preparation or for testimony.

5. Other than documents that are identified by Defendant as "confidential - trade secret," documents subject to this Order may also be disclosed to attorneys who are prosecuting or intend to prosecute an action against Navistar, Inc., related to alleged defects in roof systems of Navistar vehicles which are similar to the roof system in the subject vehicle involved in this action. Documents that are designated as "confidential – trade secret" shall not be disclosed to any individuals other than those designated in Paragraph 4 of this Order.

6. Prior to disclosing any documents in accordance with Paragraph 5, Plaintiff's counsel will notify Defendant's counsel of the documents to be disclosed, the attorneys to whom the documents will be disclosed, and the nature of the existing or future lawsuit against Navistar. If Defendant's counsel objects to the proposed disclosure, Defendant's counsel shall serve a written objection upon Plaintiff's counsel within ten (10) days after receiving notification of the proposed disclosure. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Defendant to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the Defendant fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as

confidential.

7. Disclosures shall be made only as set forth in Paragraphs 4 and 5 of this Order and only after the person to whom disclosure is made has been provided with a copy of this Order and has agreed to be bound by it. In the case of experts retained by a party, acknowledgement of this Order and of the expert's agreement to be bound by it shall be in writing addressed to and maintained by the retaining party's counsel. Designated information shall not be disclosed to any person or in any manner not specified in this Order.

8. The parties shall act to preserve the confidentiality of designated information designated as "confidential" or "confidential – trade secret." If such information is filed with the Court, it shall be filed under seal and with notation of the application of this Order.

9. In the event that counsel for Plaintiff disagrees with the propriety of Defendant's designation of any item or items as being confidential or as constituting a trade secret under the Protective Order, counsel for Plaintiff shall serve a written notice upon Defendant's counsel, within thirty (30) days after production of the item or items by that Defendant, specifying the item or items in question. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Defendant to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the Defendant fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the

burden of establishing that good cause exists for the disputed information to be treated as confidential.

10. If any party wishes to modify this Order, the parties shall first request such modification from one another, and, if no satisfactory agreement is reached, may petition the Court for modification at any time prior to termination of this lawsuit. Modification of this Order after termination of this lawsuit, by judgment, settlement or otherwise, shall not be permitted, except upon Order of the Court. Until modification is granted by agreement or order, the terms of this Order will govern. Provision for use of such information at trial shall be similarly made by agreement or by pretrial order governing use and protection of the record.

11. This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

12. This Order shall not preclude the Court or its personnel from reviewing any documents or information designated as "confidential" or "confidential – trade secret" or proprietary as necessary for the conduct of this litigation.

13. Upon reaching agreement upon settlement terms, or upon termination of this lawsuit by judgment, settlement or otherwise (whichever occurs first), counsel for Plaintiff shall promptly return to Defendant, through its counsel of record, all documents and information designated as "confidential – trade secret" and subject to this Order, including all copies, prints, and other reproductions of such information, in the possession of the Plaintiff, the Plaintiff's counsel and staff, and the Plaintiff's retained experts. Alternatively, at the option of counsel for the Defendant, counsel for each recipient party may destroy all documents and information designated as "confidential – trade secret" subject to this Order, including all copies, prints, and other reproductions of such information, in the possession of the Plaintiff, its counsel and staff,

and its retained experts. Counsel for Plaintiff will certify in writing to counsel for Defendant that this Order has been complied with and will disclose the names of all experts to whom such information was disclosed. Each retained expert will also certify in writing to Defendant's counsel that this Order has been and will be complied with in the form of the affidavit attached hereto as Exhibit A.

DATED at Denver, Colorado, this 4th day of November, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

*Duly signed copy on file in office of*
*Defendant International Truck and*
*Engine Corporation*

      s/ James G. Heckbert
James G. Heckbert, No. 37230
PURVIS • GRAY, LLP
465 Anglers Drive, Suite 1-A
P.O. Box. 880340
Steamboat Springs, CO 80488
Telephone: (970) 879-4114
Fax: (970) 879-6964
E-mail: jheckbert@purvisgray.net
ATTORNEYS FOR PLAINTIFF

Duly signed copy on file in office of
Defendant International Truck and
Engine Corporation

      s/Kristin R. Anderson
Marc Brosseau, Esq., No. 7415
Kristin R. Anderson, Esq., No.32760
KERR BROSSEAU BARTLETT     O'BRIEN, LLC
1600 Broadway, Suite 1600
Denver, CO 80202
Telephone: (303) 812-1200
Fax (303) 812-1212
mbrosseau@kbbolaw.com
kanderson@kbbolaw.com

Duly signed copy on file in office of
Defendant International Truck and
Engine Corporation

      s/David H. Canter
David H. Canter
HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 West 7th Street, 29th Floor
Los Angeles, CA 90017-2547
(213) 489-3222
ATTORNEYS FOR DEFENDANT

# EXHIBIT A

**STATE OF _____ )**
                                      **) ss.**
**COUNTY OF _____ )**


       I, _____, hereby affirm that I have read the Protective Order entered in the above-entitled matter, dated _____ have fully complied with all of its terms and provisions.

                                                   _____
                                                   **Affiant**

       **Subscribed and sworn to before me this _____ day of _____, 200_____.**

                                                   _____
                                                 **Notary Public**