IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01673-CMA-CBS

**JONATHAN FLINT,** individually and as surviving spouse of AMY FLINT, deceased,

    Plaintiff,

v.

**INTERNATIONAL TRUCK AND ENGINE CORPORATION**

    Defendant.

___

**SUPPLEMENTAL SCHEDULING ORDER
STIPULATED E-DISCOVERY PLAN**
___

Pursuant to the Scheduling Conference held October 22, 2008, the following stipulated e-discovery plan supplements the Scheduling Order:

**I.  SCOPE**

    A. This stipulated e-discovery plan (Plan) applies to the electronically stored information (ESI) provisions of Fed.R.Civ.P. 16, 26, 33, 34, 37 and 45.

    B. Absent a statement to the contrary herein, agreement of the parties, or order of the Court, and to the extent applicable, the principles and definitions of *The Sedona Principles*, Second Edition (2007) shall apply.

**II. GOOD FAITH DISCLOSURE**

    A. The Defendant will make disclosures and responses to discovery in good faith, based upon information reasonably known to it, and upon a reasonable investigation of its electronic storage systems. The parties recognize that the Defendant's investigation in ESI matters is ongoing, and that the Defendant

reserves the right to revise, correct, supplement, amend or clarify its e-discovery disclosures and responses to discovery.

B. The Defendant's disclosures are without prejudice to any position it may take regarding the scope of discovery and to objections regarding relevancy, materiality and admissibility of evidence.

C. The disclosure and response to discovery of ESI shall be pursuant to any protective order entered in this action.

## III. STEPS TAKEN TO PRESERVE ESI

A. In order to preserve the sources and locations of ESI reasonably expected to contain discoverable information in this action, the Plaintiff sent a letter to defense counsel on August 22, 2008, requesting that all potentially relevant electronically stored information be preserved.

B. In response to that letter, counsel for the Defendant put a litigation hold on the destruction of relevant ESI by sending preservation notices to all applicable key personnel instructing them to preserve relevant ESI, and to advise custodians not to delete data from databases, backups and additional IT systems in order to ensure that the data in those systems is preserved to the greatest extent practicable. The Defendant has also instructed IT and other key personnel that where metadata or data has been deleted but not purged, such data shall be preserved.

## IV. INADVERTENT DISCLOSURE OF ATTORNEY-CLIENT OR WORK PRODUCT PROTECTED INFORMATION

Upon the recognition that the Defendant has inadvertently disclosed or produced information which reasonably appears to be the subject of the attorney-client privilege or work

product doctrine, Plaintiff will immediately return the information to the Defendant's counsel and will not assert waiver of any privileges.

## V.     LIST OF KEY CUSTODIANS OF ESI

Based upon its investigation to date, the Defendant has identified the following personnel who may have information regarding the locations and accessibility of ESI:

1. Rick Mink
2. Shannon Harshman
3. Todd Purifoy
4. Edward Melching
5. Tom Harting
6. Craig Welch
7. Les Grundman
8. Patrick Gerardot
9. Lee Schroeder
10. Richard Milks
11. Scott Mayer
12. Ronald Price
13. James Wallace
14. Mark Stasell

## VI.    DATA LOCATIONS

The Defendant has currently identified the following databases as containing potentially relevant ESI:

1. Pharos

    2.      CDMS

    3.      DCP

    4.      Truck Material Specifications

    5.      Corporate Engineering Material Specifications

    6.      Work Flow Tracking System

The majority of ESI accessible under these programs is located in Navistar, Inc's Brookfield Operations Center in Brookfield, Wisconsin.

## VII. FORM OF PRODUCTION OF ESI

A. Unless otherwise agreed between the parties or by order of the Court, the Defendant shall produce all ESI in its native format, searchable, and with metadata in place, to the extent that the programs or databases utilize metadata.

B. The parties may agree that some ESI may be produced in paper rather than electronic format.

## VIII. SEARCH METHODS

A. Within 15 days after the date for the Defendant's response to Plaintiff's First Set of Interrogatories and Requests For Production of Documents, the parties shall confer to select appropriate search terms to be used by the Defendant to search for, identify, preserve, collect and process potentially relevant ESI.

B. The parties understand that after an initial search it may be necessary to perform additional searches of the Defendant's ESI and that more than one conference regarding search terms may be necessary in order to fully collect and produce potentially relevant materials.

C. Upon completions of the search of its ESI the Defendant shall certify the data collection and production by setting forth what type of identification, collection and production

methods were used to gather the data, and that all known and reasonably accessible locations of potentially relevant data were searched.

## VII. E-MAIL SYSTEMS

A. The Defendant has identified the following e-mail systems which may contain relevant information:

    Microsoft Exchange

## VIII. BACK UP TAPES

Defendant may have backup media of emails dating back to 2006. However, conducting a search of such tapes for key terms is unduly burdensome. Moreover, such a search is not likely to lead to the discovery of admissible evidence since the design of the subject Navistar vehicle began well before the vehicle went into production in 2001.

Defendant may have backup media of databases such as Pharos, DCP, and CDMS.

## IX. INSPECTION OF ESI

On-site inspection of ESI under Fed.R.Civ.P. 34 should only be permitted in circumstances where good cause and specific need have been demonstrated by the party seeking disclosure of ESI, or by agreement of the parties. In appropriate circumstances the Court may condition on-site inspections of ESI to be performed by independent third party experts, or set such other conditions as are agreed by the parties or deemed appropriate by the Court.

## X. SOURCES OF ESI THAT ARE NOT REASONABLY ACCESSABLE DUE TO UNDUE BURDEN OR COST

A. Based upon its investigation to date, the Defendant identifies the following sources of ESI that are not reasonably accessible because of undue burden and cost:

    All-in-one

Profs

Microsoft Exchange

**XI.     ESI AND DOCUMENT PRESERVATON POLICIES AND PROCEDURES**

Defendant's document preservation policies and procedures have changed over time and Defendant does not retain prior preservation policies. However, Defendant has a current data retention policy and has provided it to Plaintiff.

DATED at Denver, Colorado, this 5th day of November, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED:


s/ James G. Heckbert
James G. Heckbert, Reg. No. 37230
**PURVIS • GRAY, LLP**
465 Anglers Drive, Suite 1-A
P.O. Box 880340
Steamboat Springs, CO 80488
Telephone: (970) 879-4114
Fax: (970) 879-6964
E-mail: jheckbert@purvisgray.net
ATTORNEYS FOR PLAINTIFF


s/ Kristin R. Anderson
Marc Brosseau, Esq., Reg. No. 7415
Kristin R. Anderson, Esq., Reg No. 32760
**KERR BROSSEAU BARTLETT O'BRIEN, LLC**
1600 Broadway, Suite 1600
Denver, CO 80202
Telephone: (303) 812-1200
Fax: (303) 812-1212
E-mail: mbrosseau@kbbolaw.com
           kanderson@kbbolaw.com
ATTORNEYS FOR DEFENDANT


s/ David H. Canter
David H. Canter
**HARRINGTON, FOXX, DUBROW & CANTER, LLP**
1055 West 7th Street, 29th Floor
Los Angeles, CA 90017-2547
Telephone: (213) 489-3222
E-mail: DHC01HFDC@aol.com
ATTORNEYS FOR DEFENDANT